**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

MACKY BLUFFS DEVELOPMENT
CORPORATION,

                Plaintiff,

v.                                    Case No.: 3:06cv397/MCR/EMT

ADVANCE CONSTRUCTION
SERVICES, INC.,

                Defendant.

_____/

## O R D E R

      This case involves a dispute over construction work performed by Defendant Advance Construction Services, Inc., ("Advance") for Plaintiff Macky Bluffs Development Corporation ("Macky Bluffs").   Macky Bluffs has filed a two-count complaint alleging that Advance (1) breached its contract by failing to reasonably perform the scope of work contemplated by the parties and (2) made fraudulent misrepresentations and/or omissions concerning the work it had performed.   Pending is Advance's Motion for Summary Judgment, to which Macky Bluffs has responded.  For the reasons that follow, the motion is DENIED.

### Background

      Macky Bluffs initially hired Advance to perform various infrastructure work in Macky Bluffs, a residential development in Escambia County, Florida.   The initial scope of Advance's work included the construction of a retaining pond.   During the course of construction, Matthew Stevens, Macky Bluffs' principal representative for the Macky Bluffs Development, learned that the location and design of the retaining pond prevented Macky Bluffs from selling three lots adjacent to the pond.   As a result, Stevens asked Robert Najor and Lew Najor, Advance's two principal representatives for the company's work in Macky Bluffs, to redesign the pond so that these lots could be sold, which both agreed to do.

Subsequent to the work being performed, however, the sloped wall of the restructured pond ("the wall") collapsed causing a large amount of soil and rip-rap[1] to slide to the bottom of the pond.

After the wall collapsed, Macky Bluffs hired Advance, pursuant to a change order, to remove debris from the pond and rebuild the collapsed wall.  In performing this work, Advance stockpiled the extracted material from the pond on Lot 8, Block C ("Lot 8"), a nearby lot which was vacant at the time.  Advance then went through the stockpiled material and reused whatever rip-rap and soil it could to rebuild the wall.  Advance also excavated additional backfill material from Lot 8 that was necessary to complete the wall.  The stockpiled material Advance could not use was left on Lot 8 after being dried, spread, and compacted.

Several years later, when Macky Bluffs desired to sell Lot 8, it discovered that a large amount of debris had been buried on the lot, including plastics, concrete, rip-rap, and organic material (roots and timber).  This debris made the land unmarketable.  Macky Bluffs hired  a company to excavate Lot 8 and refill it so it could be sold.  Macky Bluffs contends that by failing to remove the debris from Lot 8 Advance breached its contract.

## Discussion

Advance has filed the pending motion for summary judgment arguing that Macky Bluffs cannot sustain its claim for breach of contract because the parties never entered into a contract concerning Lot 8.[2]  Advance argues that the parties' contract for repair of the retaining pond does not contain terms or provisions relating to Lot 8 and there is no evidence of any separate oral agreement between the parties which obligated Advance to perform any work on Lot 8.

Summary judgment is appropriate where the pleadings, depositions, answers to

---

[1]  Rip-rap is the material used to create the sustaining wall on an embankment slope to prevent erosion.  Merriam-Webster's Collegiate Dictionary 1075 (11th ed. 2003).  It is normally composed of stones or chunks of concrete.  Id.

[2]  While Advance's motion initially states that Advance is seeking final summary judgment in its favor, it is apparent from its argument that it is only seeking summary judgment on Macky Bluffs' claim for breach of contract.  Advance's motion therefore is one for partial summary judgment, and this order will not discuss Macky Bluffs' claim for fraudulent misrepresentation and/or omission.

interrogatories, admissions on file, and affidavits, if any, show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.[3] See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "The mere existence of *some* alleged factual dispute between the parties," however, "will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986) (emphasis in original). A dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. A fact is "material" if it may affect the outcome of the case under the applicable substantive law. See id.

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the moving party's pleadings. Instead, the nonmoving party must respond by affidavits or otherwise and present specific allegations showing that there is a genuine issue of disputed fact for trial. Fed. R. Civ. P. 56(e). When assessing the sufficiency of the evidence, the court must view all the evidence, and all factual inferences reasonably drawn therefrom, in the light most favorable to the nonmoving party. See Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993). A mere scintilla of evidence in support of the nonmoving party's position will not suffice to demonstrate a genuine issue of material fact and thereby preclude summary judgment. See Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the nonmoving party.

Under Florida law, the interpretation of a contract is a matter of law for the court's determination, "so long as the terms of the contract are unambiguous." Bivens Gardens

---

[3] Advance did not submit any evidentiary material in support of its motion for partial summary judgment. In its opposition to Advance's motion, Macky Bluffs initially filed four complete depositions. Pursuant to Local Rule 26.2(A), the court entered an order instructing Macky Bluffs to file only the relevant excerpts from these depositions. See N.D. Fla. Loc. R. 26.2(A). After reviewing these excerpts, however, the court found it was necessary to consider the entire record available in making its determination. This order, therefore, may reference testimony outside of the excerpted depositions.

Office Bldg., Inc. v. Barnett Banks of Florida, Inc., 140 F.3d 898, 905 (11th Cir. 1998) (citing Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985)).  The existence of an ambiguity in a contract is also a matter of law.  Centennial Mortgage, Inc. v. SG/SC, Ltd., 772 So.2d 564, 565-66 (Fla. 1st DCA 2000).  There are two types of ambiguities that can exist in a contract: patent and latent.  Saenz v. Campos, 967 So.2d 1114, 1117 (Fla. 4th DCA 2007).  A patent ambiguity is one that appears on the face of the contract.  Id.  A latent ambiguity, on the other hand, exists "where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates a necessity for interpretation or a choice among two or more possible meanings."  Mac-Gray Servs., Inc. v. Savannah Assocs. of Sarasota, LLC, 915 So.2d 657, 659 (Fla. 2d DCA 2005) (internal quotation marks omitted) (quoting Ace Elec. Supply Co. v. Terra Nova Elec., Inc., 288 So.2d 544, 547 (Fla. 1st DCA 1974)).  If the ambiguity is patent, then parole evidence cannot be used to clarify the parties' intent.  Id. (citing Crown Mgmt. Corp. v. Goodman, 452 So.2d 49, 52 (Fla. 2d DCA 1984)).  If the court finds, however, that there is a latent ambiguity in the contract, then parol evidence must be heard in order to explain the meaning of the ambiguous term.  Id. (quoting RX Solutions, Inc. v. Express Pharmacy Servs., Inc., 746 So.2d 475, 476 (Fla. 2d DCA 1999)).  After receiving parole evidence clarifying the latent ambiguity, if there is no genuine issue of material fact remaining, the court can resolve the ambiguity as a matter of law.  Strama v. Union Fid. Life Ins. Co., 793 So.2d 1129, 1132 (Fla. 1st DCA 2001).  Where, however, "the terms of the written instrument are disputed and reasonably susceptible to more than one construction, an issue of fact is presented as to the parties' intent which cannot properly be resolved by summary judgment."  Id. (quoting Universal Underwriters Ins. Co. v. Steve Hull Chevrolet, Inc., 513 So.2d 218, 219 (Fla. 1st DCA 1987)).

    In this case, the parties' change order for repair of the retaining pond required Advance to "[h]aul-off existing eroded material" from the bottom of the pond.  The change order does not specify, however, whether Advance was required to haul-off the eroded material to Lot 8 or to an off-site dumping facility.  Both of the Najors testified in their depositions that all Advance was required to do was haul the eroded material to Lot 8,

reuse whatever material it could, and then leave the remaining material on the lot, so long as it was spread, dried, and compacted. The Najors testified that this procedure was specifically authorized by Matthew Stevens in order to minimize the cost of the project, which would have been much higher had Advance been required to haul the material off-site and pay attendant dumping fees. Matthew Stevens agreed in his deposition that under the change order Advance was allowed to use Lot 8 as a temporary storage site and that Advance could leave any soil excavated from the pond on the lot so long as it was spread, dried, and compacted. Stevens stated, however, that Advance was required to haul any non-soil material, including the debris that was later found buried on the lot, off-site.

Based on the evidence, there is a clear issue of fact as to the parties' understanding of Advance's scope of work in hauling-off the eroded material from the pond. The change order does not state to where Advance was required to haul the eroded material. Both of the parties' interpretations of the change order are plausible and the ambiguity does not appear on the face of the change order, but rather arises from an extraneous circumstance. Therefore a latent ambiguity exists in the change order and parol evidence is properly admissible to determine the parties' intent at the time they entered into the agreement. The parties' intent as to Advance's scope of work is a question of fact for the trier of fact to determine. Hibiscus Assocs. Ltd. v. Bd. of Trs. of Policemen & Firemen Ret. Sys. of City of Detroit, 50 F.3d 908, 919 (11th Cir. 1995) (citing Fecteau v. Southeast Bank, N.A., 585 So.2d 1005, 1007 (Fla. 4th DCA 1991)). Summary judgment is thus inappropriate. Bayco Dev. Co. v. Bay Med. Ctr., 832 So.2d 921 (Fla. 1st DCA 2002) (citing Centennial Mortgage, 772 So.2d at 566)).

Accordingly, it is hereby ordered that defendant's (partial) Motion for Summary Judgment (doc. 18) is DENIED.

ORDERED on this 8th day of January 2008.


_s/ M. Casey Rodgers_
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**